1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11

12    JOHNNY PORRAS                           Case No. 2:19-cv-02363-CJC (SHK)

                              Petitioner,
13
                                             **ORDER DENYING PETITION,**
14          v.                               **DISMISSING CASE, AND**
                                             **DENYING A CERTIFICATE OF**
15    SCOTT KERNAN, et al.,                   **APPEALABILITY**

16                            Respondents.

17

18

19                        **I.    BACKGROUND**

20          On February 21, 2019, Petitioner Johnny Porras ("Petitioner"), a California

21    State prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus

22    pursuant to 28 U.S.C § 2254 ("Petition") in the Northern District of California

23    ("Northern District").  Electronic Case Filing ("ECF No.") 1, Petition.  On

24    March 25, 2019, the Northern District transferred the Petition to this Court.  ECF

25    No. 5, Transfer Order.

26          On April 22, 2019, Petitioner applied to proceed in forma pauperis ("IFP

27    Application") and, on April 26, 2019, the Court ordered Petitioner "to provide the

28    Court with a certified copy of this prison trust account statement."  ECF No. 8,

IFP Application; ECF No. 9, First IFP Order.  Petitioner filed a second request to proceed IFP ("Second IFP Application") and attached his prison trust account statement.  ECF No. 11, Second IFP Application.  After receiving Petitioner's prison trust account statement in his Second IFP Application, the Court found that Petitioner had sufficient funds in his account to pay the $5.00 filing fee and ordered Petitioner to pay the filing fee on or before June 30, 2019.  ECF No. 12, Second IFP Order at 1.  The Court warned Petitioner that if he failed to timely submit his $5.00 filing fee, "this action **will** be subject to involuntary dismissal for failure to comply with a Court order."  Id. (citing Fed. R. Civ. P. 41(b) (emphasis added)).

On May 21, 2019, the Court ordered Petitioner to file a First Amended Petition ("FAP") by June 10, 2019, if Petitioner wished to pursue this matter further because "[t]he Court [could not] identify from the [P]etition the number and type of claims for relief" Petitioner sought.  ECF No. 10, Order re FAC at 1-2. The Court warned that "Habeas Rule 4 requires a district court to dismiss a habeas petition if it plainly appears from the petition that the petitioner is not entitled to relief in the district court."  Id. at 1.

On June 24, 2019—two weeks after the deadline to file a FAP had passed— the Court issued an Order to Show Cause ("OSC"), where Petitioner was ordered, by July 8, 2019, to either "(a) advise the Court that he does not desire to pursue this action and move forward with his petition; (b) . . . show good cause in writing, if any exists, why petitioner has not timely filed with the Court his FAP; or (c) file his FAP."  ECF No. 15, OSC.

On July 26, 2019, Petitioner's friend, Juan Camacho, wrote a letter to the Court requesting more time for Petitioner "to respond to the Court[']s Orders[,]" however, the Court rejected the letter on August 5, 2019, under Local Rule 83-2.2.1 because Mr. Camacho was not a party to the case.  ECF No. 16, Notice of Document Discrepancies.

/ / /

To date, Petitioner has not paid his filing fee or filed a FAP, despite receiving multiple orders to do so and being warned that failure to follow Court orders would subject his Petition to dismissal under Federal Rule of Civil Procedure 41(b).

## II. DISCUSSION

### A. The Petition Is Denied For Failure to State a Discernible Claim

As the Court previously told Petitioner, a petition for habeas relief must, among other things, specifically list all the grounds for relief and state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"). Order re FAC at 1-2. Further, Habeas Rule 4 requires a district court to dismiss a habeas petition if it plainly appears from the petition that the petitioner is not entitled to relief in the district court.

Here, despite being ordered by the Court to submit a proper FAP and being provided a form to fill out, Petitioner failed to provide a petition with the proper information. Moreover, Petitioner was warned that failure to follow Court orders will result in the involuntary dismissal of this case. See ECF No. 12, Second IFP Order at 1. Consequently, because the Court cannot determine what claims Petitioner is actually seeking to assert and the basis or bases for those claims, and because Petitioner has failed to clarify his claims as ordered, the current petition must, therefore, be dismissed, without prejudice.

### B. Certificate Of Appealability Is Denied.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

3

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Here, the Court is dismissing the Petition without prejudice, because it cannot determine the number and types of claims Petitioner seeks. Because of this problem with the Petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Thus, a COA is DENIED.

### III.   ORDER

Based on the foregoing, IT IS ORDERED THAT:

1.  The Petition is **DENIED**;

2.  Judgment be entered **DISMISSING** the action without prejudice; and

3.  A Certificate of Appealability is **DENIED**.

Dated: February 3, 2020

HONORABLE CORMAC J. CARNEY
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge

4